**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 12-cv-00651-BNB
(**The above civil action number must appear on all future papers sent to the court in this action.  Failure to include this number may result in a delay in the consideration of your claims.**)

LAMARCUS LEE HILLARD,

    Plaintiff,

v.

NO NAMED DEFENDANT,

    Defendant.

---

**ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES**

---

    Plaintiff, Lamarcus Lee Hillard, is a prisoner in the custody of the United States Bureau of Prisons and is currently incarcerated in the United States Penitentiary Administrative Maximum in Florence, Colorado.  Mr. Hillard has submitted an "Affidavit for Declaration of Peace".

    The Court has reviewed the Affidavit and finds that it is not clear whether Mr. Hillard is attempting to initiate a habeas corpus action or a civil rights action.  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  **See Preiser v. Rodriguez**, 411 U.S. 475, 484 (1973).  Generally, a federal prisoner's challenge to his conditions of confinement is cognizable under **Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics**, 403 U.S. 388 (1971), **see,**

*e.g., Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991), or pursuant to 28 U.S.C. §§ 1331 or 1361, *see Simmat v. United States Bureau of Prisons*, 413 F.3d 1225, 1235-36 (10th Cir. 2005).  Mr. Hillard will be directed to clarify the nature of his claims and either file a Prisoner Complaint or a habeas corpus action on the court-approved form.

As part of the court's review pursuant to D.C.COLO.LCivR 8.2, the court has determined that the submitted documents are deficient as described in this order.  Mr. Hillard will be directed to cure the following if he wishes to pursue his claims.  Any papers which the Mr. Hillard files in response to this order must include the civil action number on this order.

**28 U.S.C. § 1915 Motion and Affidavit**:
(1)   X     is not submitted
(2)   __    is missing affidavit
(3)   X     is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing
(4)   __    is missing certificate showing current balance in prison account
(5)   __    is missing required financial information
(6)   __    is missing an original signature by the prisoner
(7)   __    is not on proper form (must use the court's current form)
(8)   __    names in caption do not match names in caption of complaint, petition or habeas application
(9)   __    An original and a copy have not been received by the court.
            Only an original has been received.
(10)  X     other: Motion is necessary only if $350.00 filing fee is not paid in advance.

**Complaint, Petition or Application**:
(11)  __    is not submitted
(12)  X     is not on proper form (must use the court's current form)
(13)  __    is missing an original signature by the prisoner
(14)  __    is missing page nos. __
(15)  __    uses et al. instead of listing all parties in caption
(16)  __    An original and a copy have not been received by the court.  Only an original has been received.

(17) ____ Sufficient copies to serve each defendant/respondent have not been received by the court.
(18) ____ names in caption do not match names in text
(19) ____ other _____

Accordingly, it is

ORDERED that the Mr. Hillard cure the deficiencies designated above **within thirty (30) days from the date of this order**.  Any papers which the Mr. Hillard files in response to this order must include the civil action number on this order.  It is

FURTHER ORDERED that the Mr. Hillard shall obtain the court-approved Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and Prisoner Complaint or habeas corpus forms (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if the Mr. Hillard fails to cure the designated deficiencies **within thirty (30) days from the date of this order**, the action will be dismissed without further notice.  The dismissal shall be without prejudice.

DATED March 15, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge